**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ARICK JOHNSON
ADC #185962                                                          PLAINTIFF

v.                                        4:25-cv-00384-DPM-JJV

ERIC HIGGINS,
Sheriff, PCRDF; *et al.*                                            DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I.   DISCUSSION

Plaintiff Arick Johnson has filed this *pro se* § 1983 case alleging that while he was in the Pulaski County Regional Detention Facility (PCRDF), Dr. Absalom Tilley and Nurse Bertha Lowe failed to provide him with constitutionally adequate medical care for severe back pain that occasionally caused him to have seizures.  (Doc. 12).  He also says Defendant Turn Key Health Clinics, LLC (Turn Key) had a policy or practice of understaffing health care providers at the jail. (*Id*.)  All other claims and Defendants have been previously dismissed without prejudice.  (Docs. 17, 64.)

Defendants have filed a Motion arguing they are entitled to dismissal because Plaintiff

1

failed to exhaust his available administrative remedies.[1]  (Docs.  57, 58, 59.)  Plaintiff has filed a Response.  (Docs. 62, 63.)  After careful consideration and for the following reasons, I recommend the Motion be GRANTED, Plaintiff's remaining claims be DISMISSED without prejudice, and this case be CLOSED.

## II.    SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.  *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial.  *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party."  *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

## III.    DISCUSSION

### A.    Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) provides, in part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,

---

[1] In the future, it would be helpful if to the Court if counsel would scan their exhibits into CM/ECF separately.

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006).

The PLRA requires inmates to fully and properly exhaust their administrative remedies as to each claim in the complaint. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.* The only exception is if administrative remedies are unavailable. 42 U.S.C. § 1997e(a) (prisoners are only required to exhaust "available" administrative remedies). Administrative remedies are "unavailable" if, for instance: (1) the grievance procedure "operates as a simple dead end;" (2) the procedure is "so opaque that it becomes, practically speaking, incapable of use;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 642 (2016); *see also Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018).

### B. PCDF's Grievance Procedure

The PCDF's exhaustion procedure is found in Branch Directive D05-0001. (Doc. 59-1 at 1- 14.) A summary of the grievance is contained in the Inmate Handbook provided to detainees when they arrive at the facility and available on the kiosk. (*Id.* at 3, 37-39, 97-99.) First, detainees

must file a grievance on the kiosk or on a written form within fifteen days of the incident. (*Id*. at 4.) Only one problem should be included. (*Id*.) But there is no requirement to name the specific individuals involved in the grieved matter. (*Id*.) The Grievance Officer, medical personnel, or designee must answer the grievance within ten working days, or sooner if the grieved matter is deemed an emergency. (*Id*. at 6.) If the detainees are not satisfied with the response, they may appeal to the Chief of Detention within ten working days. (*Id.* at 7.) The Chief Deputy of Detention or designee must respond to the appeal within five working days, and that decision is the final step in the grievance procedure. (*Id*.)

### C.      Plaintiff's Grievances

The parties agree Plaintiff filed eight grievances regarding his treatment for back pain and related seizures: #33430366, #35612823, #35711618, #35711631, #35865503, #37574674, #37980518, and #35593883. (Doc. 59 at 2; Doc. 59-1 at 42-45, 55-56, 59-60, 93-94; Doc. 63 at 2.) However, it is undisputed he did not appeal any of them. (*Id*.)

In his Response, Plaintiff says he did not know he was required to appeal because he did not have access to the Inmate Handbook summarizing the grievance procedure. (Docs. 62, 63.) Plaintiff says the Inmate Handbook was on one of the several tablets shared by detainees, but he did not have adequate access to the tablets for several reasons. And Plaintiff claims he did not have access to the law library where another copy of the Inmate Handbook was presumably located. However, in his sworn declaration, Sergeant Hill, who is familiar with the grievance process and frequently responds to grievance and appeals through the kiosk, says:

> 12.     To set up an inmate account through the kiosk, an inmate must read through the handbook and acknowledge that it was read before he can use the kiosk.
>
> 13.  Mr. Johnson had a kiosk account and submitted grievances through the kiosk, which confirms that he was provided with the Inmate Handbook.

(Doc. 59-1 at 98.)  Additionally, Branch Directive D05-001 § V(B)(1) says:

> A summary of the inmate grievance system will be included in the Inmate Handbook <u>and</u> provided to inmates on the Kiosk upon their admission to the facility.

(Doc. 59-1 at 3) (emphasis added.)  Plaintiff has not explained what became of the physical copy of the Inmate Handbook he received when he arrived at the PCRDF or explained why he did not read the version available on the kiosk, as he was required to do when he set up his account, prior to filing his numerous grievances.  It is well settled a prisoner's mistaken beliefs about the grievance procedures do not make administrative remedies unavailable or incapable of use.  *See Crowley v. Nailor*, No. 19-1293, 2019 WL 5691881 (8th Cir. Nov. 4, 2019); *Williams v. Horner*, No. 11-3327, 2012 WL 1292887 (8th Cir. Apr. 17, 2012); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000); *Parks v. Murphy*, No. 4:25-CV-00305-KGB, 2026 WL 777293 (E.D. Ark. Mar. 19, 2026).  And it is clear from Plaintiff's extensive grievance history he had sufficient access to the kiosk.  (Doc. 59-1 at 40-96.)

Plaintiff also says jail officials limited his access to the law library and issued him a retaliatory disciplinary for using the grievance process.  (Doc. 62.)  But both of those claims were dismissed during screening.  (Doc. 17.)  As previously mentioned, Plaintiff had access to the grievance procedure.  And he continued to file numerous grievances after officer Belt allegedly wrote a retaliatory disciplinary claim in December 2024 for alleging filing grievances.  (Doc. 59-1 at 40-96.)  Accordingly, I conclude all three remaining Defendants are entitled to dismissal without prejudice because Plaintiff failed to properly exhaust his available administrative remedies. *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *Porter v. Sturm*, 781 F.3d 448, 451-52 (8th Cir. 2015) ("[d]ismissal without prejudice is mandatory" when a prisoner did not complete the final stage of the grievance process); *o King v. Iowa Dep't of Corrs.*, 598 F.3d

5

1051, 1053 (8th Cir. 2010) (finding inadequate exhaustion when a prisoner failed to complete all steps of the prison's grievance procedure).[2]

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the Eighth Circuit has explained the critical role the exhaustion requirement plays as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 89 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 57) be GRANTED.

2. Plaintiff's claims against Defendants Turn Key Health Clinic LLC, Tilley, and

---

[2] In the alternative, Defendant Turn Key is arguably entitled to dismissal with prejudice because Plaintiff now says (Doc. 63 at 1) he is not pursuing a policy or practice claim against it based on understaffing, and that instead, the "inadequate medical care was due to the decisions of the medical administrators." *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020); *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590-91 (8th Cir. 2004). Similarly, Defendant Dr. Tilley is also arguably entitled to dismissal with prejudice because it is undisputed (Doc. 59-1 at 100; Doc. 63 at 2) he last treated Plaintiff in 2021, which is more than three years before he filed his lawsuit in 2025. *Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001).

Lowe be DISMISSED without prejudice, and this case be CLOSED.

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of April 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE